IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 24-cv-00326-NYW-NRN

EDWARD J. KLEN, and
DEBORAH N. KLEN,

    Plaintiffs,

v.

THE LITTLE THOMPSON WATER DISTRICT,

    Defendant.

## ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT

This case involves a claim under the Takings Clause of the Fifth Amendment. Pending before the Court are (1) Plaintiffs' Motion for Partial Summary Judgment on the Issue of Liability for Just Compensation ("Plaintiffs' Motion"), [Doc. 23], and (2) Defendant's Response to Plaintiffs' Motion for Partial Summary Judgment and Cross-Motion for Summary Judgment ("Defendant's Cross-Motion") (together, the "Motions"), [Doc. 24]. Pursuant to the briefing schedule set by the Court, [Doc. 22 at 2], each Party has replied, [Doc. 27; Doc. 28]. The Court concludes that oral argument would not materially assist in the resolution of the Motions. For the reasons set forth below, Plaintiffs' Motion is respectfully **DENIED**, and Defendant's Cross-Motion is respectfully **GRANTED**.

## BACKGROUND

The following facts are undisputed unless otherwise noted.  In May 2019, Marjorie Klen ("Marjorie")[1] deeded a parcel of land in Larimer County, Colorado to her son, Plaintiff Edward Klen ("Edward").  [Doc. 23 at 2 ¶ 6; Doc. 28 at 3 ¶ 5; Doc. 27-6].  Marjorie retained ownership of an adjacent parcel.  [Doc. 24 at 4–5 ¶ 6; Doc. 27-6]; *see also* [Doc. 27 at 3 ¶ 6 (Plaintiffs responding to other factual assertions but leaving this point undisputed)].  In February 2022, Defendant Little Thompson Water District ("Defendant" or "LTWD") sent Edward a letter informing him that the water tap and service connection associated with Edward's property would be reassigned to Marjorie's property.  [Doc. 23 at 2 ¶ 7; Doc. 24 at 5 ¶ 7; Doc. 24-6].  The letter informed Edward that the "current service connection" for his property would be "disconnected" the following month.  [Doc. 23 at 2 ¶ 7; Doc. 24 at 5 ¶ 7; Doc. 24-6].

Edward quickly filed suit in state court against Marjorie and LTWD, seeking an injunction against the disconnection of his water service.  [Doc. 23 at 2 ¶ 9; Doc. 24 at 6 ¶ 9].  The state court granted Edward preliminary injunctive relief against the disconnection.  [Doc. 23 at 2 ¶¶ 9–10; Doc. 24 at 6 ¶¶ 9–10].  Edward and LTWD stipulated to the dismissal of LTWD from the state court case, with LTWD agreeing to be bound by state court's final determination of tap ownership.  [Doc. 23 at 2 ¶ 11; Doc. 24 at 7 ¶ 11; Doc. 24-8].  The remaining parties in the state court case then reached a settlement agreement in which Marjorie, through her attorney-in-fact, agreed to assign the water tap back to Edward.  [Doc. 23 at 3 ¶ 12; Doc. 24 at 7 ¶ 12; Doc. 24-9 at 5:12–

---

[1] Because several individuals involved in this litigation have the same last name, the Court refers to them by their first name.

2

16].  Marjorie assigned the tap to Edward, *see* [Doc. 24 at 9 ¶ 9; Doc. 27 at 4; Doc. 24-12], and Edward has since signed a Domestic Water Agreement with LTWD that gives him the right to receive water from the water tap at issue, [Doc. 24 at 9 ¶ 10; Doc. 27 at 4; Doc. 24-13].  Edward testified at deposition that he never experienced any disruption in his water service.  [Doc. 24 at 9 ¶ 11; Doc. 27 at 4 ¶ 12; Doc. 24-14 at 84:1–9].

While the state court action was pending, Edward and his wife, Plaintiff Deborah Klen ("Deborah"), initiated this lawsuit against LTWD.  [Doc. 1].  This Court administratively closed the case pending resolution of the state case, [Doc. 15], but granted Plaintiffs' motion to reopen after the state case settled, [Doc. 17; Doc. 20].  Plaintiffs now seek to press their lone claim in this lawsuit, a § 1983 claim asserting Plaintiffs' right to just compensation under the Takings Clause of the Fifth Amendment.  *See* [Doc. 1 at ¶¶ 30–33]; 42 U.S.C. § 1983; U.S. Const. amend. V.  Plaintiffs allege that LTWD's reassignment of the water tap constitutes a "taking" for which LTWD owes them just compensation.  [*Id.*].

After reopening this case, the Court held a Status Conference to clarify, among other things, precisely what type of compensation Plaintiffs seek.  *See* [Doc. 22].  Plaintiffs' counsel confirmed that they seek only two categories of damages.  *See* [*id.* at 1].  First, Plaintiffs seek compensatory damages for attorneys fees and costs incurred in prosecuting the state court action.  [*Id.*; Doc. 1 at ¶ 33].  Second, they seek non-economic damages for the pain and suffering they experienced during the state court action, which occurred while Deborah was undergoing cancer treatment.  [Doc. 22 at 1; Doc. 1 at ¶ 33].  No injunctive relief is sought.  [Doc. 22 at 1; Doc. 1 at 5–6].  The Court ordered the Parties to file cross-motions for summary judgment on the issue of whether these categories of

3

damages are recoverable in a Fifth Amendment takings action. [Doc. 22 at 2]. The Motions are now fully briefed and ripe for disposition.

## LEGAL STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if there is sufficient evidence so that a rational trier of fact could resolve the issue either way. A fact is material if under the substantive law it is essential to the proper disposition of the claim." *Crowe v. ADT Sec. Servs., Inc.*, 649 F.3d 1189, 1194 (10th Cir. 2011) (citation and quotations omitted).

"Cross-motions for summary judgment are treated as two individual motions for summary judgment and held to the same standard." *Banner Bank v. First Am. Title Ins. Co.*, 916 F.3d 1323, 1326 (10th Cir. 2019). The denial of one cross-motion does not require the grant of the other. *Buell Cabinet Co. v. Sudduth*, 608 F.2d 431, 433 (10th Cir. 1979). However, the summary-judgment burden slightly differs depending on which party bears the ultimate burden at trial. A movant that does not bear the ultimate burden of persuasion at trial does not need to disprove the other party's claim; rather, the movant must only point the Court to a lack of evidence for the other party on an essential element of that party's claim. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998). Once this movant has met its initial burden, the burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). But "if the moving party has the burden of proof [at trial], a more stringent summary judgment standard applies." *Pelt v. Utah*, 539

4

F.3d 1271, 1280 (10th Cir. 2008).  A moving party who bears the burden at trial "must establish, as a matter of law, all essential elements of the issue before the nonmoving party can be obligated to bring forward any specific facts alleged to rebut the movant's case." *Id.*

In considering the evidence in the record, the Court cannot and does not weigh the evidence or determine the credibility of witnesses.  See *Fogarty v. Gallegos*, 523 F.3d 1147, 1165 (10th Cir. 2008).  At all times, the Court views the record in the light most favorable to the nonmoving party.  *Banner Bank*, 916 F.3d at 1326.

## ANALYSIS

The Takings Clause of the Fifth Amendment provides that private property shall not "be taken for public use, without just compensation."  U.S. Const. amend. V.  The Court ordered the Parties to submit the Motions on the narrow issue of whether attorney's fees and emotional distress damages are recoverable as "just compensation."  *See* [Doc. 22].  The Court addresses each category of damages in turn without reaching any arguments on the issue of whether the tap reassignment constitutes a "taking."  *See* [Doc. 23 at 4–8; Doc. 24 at 10–11].[2]

---

[2] Defendant also argues that Plaintiffs have waived their right to recover attorney's fees and costs associated with the state court action through Edward and LTWD's stipulation of dismissal in the state action, which provides that each side would pay their own attorney's fees and costs.  [Doc. 24 at 7 ¶ 11; *id.* at 11–12]; *see also* [Doc. 24-8].  The Court does not reach this issue, however, because it concludes that the attorney's fees and costs that Plaintiffs seek are not recoverable under 42 U.S.C. § 1988 or as just compensation under federal law for the reasons set forth below.

I.  **Attorney's Fees and Costs**

Plaintiffs advance two theories as to why they may recover their attorney's fees and costs from the state court action.  First, they argue that the state court proceeding was an action to enforce their federal right to "just compensation" for the reassignment of the water tap, such that they are entitled to fees under 42 U.S.C. § 1988. [Doc. 23 at 6–8; Doc. 27 at 6].  Second, Plaintiffs raise a new argument in their Reply that Colorado law permits them to recover their state court expenses as part of the "cost to cure" the alleged taking.  [Doc. 27 at 5].  The Court could deem the latter argument waived.  *E.g.*, *M.D. Mark, Inc. v. Kerr-McGee Corp.*, 565 F.3d 753, 768 n.7 (10th Cir. 2009) ("[A] party waives issues and arguments raised for the first time in a reply brief.").  Nevertheless, Defendant responds to the "cost to cure" argument in its Reply, [Doc. 28 at 6–9], and the Court will address the Parties' arguments on their merits.

A.  **Section 1988**

In their Motion, Plaintiffs argue that 42 U.S.C. § 1988 entitles them to their attorney's fees and costs from the state court action.  [Doc. 23 at 6–8].  Section 1988 permits a court to award attorney's fees and costs "[i]n any action or proceeding to enforce a provision of" § 1983 or other federal civil rights laws.  42 U.S.C. § 1988(b).  Plaintiffs reason that because they suffered an alleged taking of the water tap, and because they filed suit to "restor[e] ownership of the water to themselves," they are eligible for fees and costs under § 1988.  [Doc. 23 at 7].  Defendant responds that because the state court action did not seek to enforce Plaintiffs' federal civil rights, they are not entitled to fees for that action under § 1988.  [Doc. 24 at 12–15 (collecting cases)].  Plaintiffs' Reply proposes that the state court action was "part of the enforcement of Plaintiffs' federal right to just

6

compensation." [Doc. 27 at 6].  In Plaintiffs' view, the state court action was "undertaken . . . to vindicate a federal right" and is thus "subject to § 1988 awards." [*Id.*].

The record before the Court does not support Plaintiffs' assertion that the state court action was initiated to enforce Plaintiffs' federal right to just compensation.  Since the beginning of this lawsuit, Plaintiffs have characterized the state court action as "seeking declaratory and injunctive relief" against the reassignment of the tap, not compensatory damages.  [Doc. 1 at ¶ 25]; *see also* [Doc. 23 at ¶ 9].  As Edward's state court complaint demonstrates, that lawsuit did not seek "just compensation" under the Fifth Amendment or enforcement of any other federal civil right.  [Doc. 24-10 at ¶¶ 29–37].  Instead, Edward only sought injunctive relief under state law to enforce his right to the water tap as a matter of state law.  *See generally* [*id.*].  As the Supreme Court has explained, a plaintiff's prior state proceedings to enforce rights secured by state law "simply are not any part of the proceedings to enforce § 1983," even if the plaintiff brings a subsequent § 1983 action based on the same conduct.  *See Webb v. Bd. of Educ.*, 471 U.S. 234, 236, 241 (1985) (holding that terminated public schoolteacher could not recover under § 1988 his fees incurred in state administrative proceedings seeking to enforce his state law tenure rights, even though schoolteacher later showed that his termination violated his federal civil rights).  Thus, Edward's state court action was not an action to enforce his federal civil rights.  The Court respectfully concludes that Plaintiffs cannot recover attorney's fees and costs for the state court action under § 1988.

### B.     Colorado's "Cost to Cure" Rule

Plaintiffs' Reply also argues that "[t]he attorneys' fees and costs in the state case are damages, not § 1988 fees." [Doc. 27 at 5].  Plaintiffs contend that Colorado's "cost

7

to cure" rule permits Plaintiffs to recover their fees and costs from the state court action as damages, because the tap reassignment forced Plaintiffs to initiate the state court action to "cure" the alleged taking and restore their rights to the tap. [*Id.* (citing *City of Boulder v. Fowler Irrevocable Tr. 1992-1*, 53 P.3d 725, 728 (Colo. App. 2002)]. Defendant responds that the "cost to cure" rule is inapposite because Colorado courts apply the rule only to the cost to repair "physical property damage," not "litigation expenses." [Doc. 28 at 7–9].

As an initial matter, the Court respectfully disagrees with the Parties that Colorado law controls what damages Plaintiffs may recover as just compensation. Plaintiffs' § 1983 claim seeks to enforce their right to just compensation under the Fifth Amendment of the federal Constitution. All three cases discussed by the Parties involved Colorado courts determining what compensation is available under the Colorado Constitution's simulacrum of the federal Takings Clause. *See City of Boulder*, 53 P.3d at 727 (citing Colo. Const. art. II, § 15); *Fowler Irrevocable Tr. 1992-1 v. City of Boulder*, 17 P.3d 797, 803 (Colo. 2001) (same); *La Plata Elec. Ass'n, Inc. v. Cummins*, 728 P.2d 696, 698 (Colo. 1986) (same). In federal Takings Clause jurisprudence, courts frequently refer to state law to define the property rights at issue. *See, e.g.*, *Cedar Point Nursery v. Hassid*, 594 U.S. 139, 155 (2021) ("[T]he property rights protected by the Takings Clause are creatures of state law."). But the meaning of "just compensation" under the federal Takings Clause is a question of federal law. *See United States v. Miller*, 317 U.S. 369, 379–380 (1943) (holding that although a federal statute directed courts to apply state procedural rules in condemnation proceedings, the state procedural rules "could not[] affect questions of substantive right[]—such as the measure of compensation[]—

8

grounded upon the Constitution of the United States"); *Nebraska v. United States*, 164 F.2d 866, 868 (8th Cir. 1947) ("[T]he question of what is just compensation under the Fifth Amendment . . . does not turn in any manner upon the compensation standards or prescriptions of state law."); *see also Ugorets v. City of Shorewood*, 696 F. Supp. 3d 557, 564 (D. Minn. 2023) (applying *Nebraska v. United States* in § 1983 action). The Court accordingly looks to federal law to determine whether attorney's fees and costs are recoverable as just compensation in a Takings Clause action.

In *United States v. Bodcaw Co.*, the Supreme Court held that just compensation does not include "attorney's fees and expenses." 440 U.S. 202, 203 (1979) (per curiam). The *Bodcaw* court explained:

> This Court has often faced the problem of defining just compensation. One principle from which it has not deviated is that just compensation "is for the property, and not to the owner." As a result, indirect costs to the property owner caused by the taking of his land are generally not part of the just compensation to which he is constitutionally entitled. Thus, attorney's fees and expenses are not embraced within just compensation.

*Id.* (cleaned up) (internal citations omitted). Although some federal condemnation statutes authorize recovery of attorney's fees and other "litigation expenses," "such compensation is a matter of legislative grace rather than constitutional command." *Id.* at 204.

The fact that *Bodcaw* involved a federal condemnation action does not distinguish it from this case. *Bodcaw* relied in part on the Supreme Court's prior decision in *Dohany v. Rogers*, 281 U.S. 362 (1930). *See Bodcaw*, 440 U.S. at 203. In *Dohany*, a landowner challenged a state highway commissioner's condemnation of his land pursuant to two state statutes. 281 U.S. at 364. The landowner sought, among other things, "the right to attorney's fees and expenses in addition to damages." *Id.* at 365. But in a decision

9

foreshadowing *Bodcaw*, the Supreme Court recognized that "[a]ttorneys' fees and expenses are not embraced within just compensation," even though "[a] state may allow the recovery of an attorney's fee in special classes of proceedings while withholding them in others." *Id.* at 368.  This Court has already determined that 42 U.S.C. § 1988 does not entitle Plaintiffs to attorney's fees and costs, and Plaintiffs do not suggest that any other statute would permit them to recover fees or costs as just compensation.  The Court thus respectfully concludes that *Bodcaw* and *Dohany* preclude Plaintiffs from recovering attorney's fees and costs as just compensation.

## II.     Emotional Distress Damages

Plaintiffs do not address the issue of emotional distress damages in their Motion or Reply.  *See* [Doc. 23; Doc. 27].  Defendant argues that emotional distress damages cannot be recovered as just compensation because just compensation is normally measured by the fair market value of the property. [Doc. 24 at 17–18]; *United States v. 50 Acres of Land*, 469 U.S. 24, 25 (1984).  As Defendant points out, just compensation does not include consequential damages, such as the landowner's moving expenses or loss of profits. [Doc. 24 at 17–18]; *United States v. General Motors Corp.*, 323 U.S. 373, 379–80 (1946).  Consequential damages may sometimes be relevant to determining fair market value, *see General Motors*, 323 U.S. at 382–83, but Plaintiffs do not explain how their emotional distress would be relevant to determining the fair market value of Edward's property.  Nor do they cite any other authority for the recovery of emotional distress damages as just compensation for a Fifth Amendment taking.  Though the Court does not diminish the distress experienced by Plaintiffs during Deborah's cancer treatment, the

10

Court cannot and will not make arguments on Plaintiffs' behalf. *See United States v. Davis*, 622 F. App'x 758, 759 (10th Cir. 2015).

Accordingly, the Court concludes as a matter of law that neither Plaintiffs' attorney's fees and costs from the state court action nor their emotional distress damages are recoverable as just compensation in this action. Because neither category of damages sought by Plaintiffs in this case is recoverable, Plaintiffs' Motion is respectfully **DENIED**, and Defendant's Cross-Motion is respectfully **GRANTED**. *See Mountain W. Helicopters v. Textron, Inc.*, 13 F. App'x 855, 856 (10th Cir. 2001) (affirming summary judgment when damages sought were not recoverable under applicable law). Within fourteen days of the date of this Order, Plaintiffs are **ORDERED TO SHOW CAUSE** as to why this action should not be terminated.

## CONCLUSION

For the reasons set forth herein, **IT IS ORDERED** that:

(1) Plaintiffs' Motion for Partial Summary Judgment on the Issue of Liability for Just Compensation [Doc. 23] is **DENIED**;

(2) Defendant's Response to Plaintiffs' Motion for Partial Summary Judgment and Cross-Motion for Summary Judgment Defendant's Motion for Summary Judgment [Doc. 24] is **GRANTED**;

(3) Summary judgment **SHALL ENTER** in favor of Defendant on the issue of whether Plaintiffs' attorney's fees and costs and emotional distress damages are recoverable as just compensation; and

(4) No later than **September 26, 2025**, Plaintiffs are **ORDERED TO SHOW CAUSE** as to why this action should not be terminated. **Failure to timely**

11

**respond to this Order to Show Cause may lead to termination of this action without any further notice by the Court.**

DATED:  September 12, 2025

BY THE COURT:

_____
Nina Y. Wang
United States District Judge